IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01382-PSF-CBS

RONALD L. MINOR,
    Plaintiff,
v.

J.E. GUNJA, Warden,
OSCAR ACOSTA, Information Officer,
RIOS, Associate Warden,
L. SMITH, DHO, and
JOHN DOE, Unit BB Counselor,
sued in their individual and official capacities,
    Defendants.
_____

ORDER
_____

    This civil action comes before the court on Minor's "Request for Entry of Default & Default Judgment" (filed January 9, 2006) (doc. # 32).  Pursuant to the General Order of Reference dated October 6, 2005 (doc. # 9) and the memorandum dated January 10, 2006 (doc. # 33), Minor's Motion was referred to the Magistrate Judge.  The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Minor asks the court "to enter default and default judgment against defendants, as authorized by Federal Rule of Civil Procedure 55."  The returns of service filed November 29, 2005 (doc. # 24) and December 2, 2005 (doc. # 25) indicate that Defendants Gunja and Acosta were served on November 22, 2005 and November 28, 2005, respectively.  Defendant Rios filed a Waiver of Service on November 21, 2005 (doc. # 20).  Defendant "John Doe, Unit BB Councelor [sic]" has been identified as Thomas Quintana.  Quintana filed a Waiver of Service of Summons and Complaint on November 21, 2005 (doc. # 22).  The United States Marshal is unable to serve Defendant Smith because Smith is no longer employed at the Federal Correctional Complex in Florence, Colorado or with the Federal Bureau of Prisons.  (*See* doc. # 15).

"If service of the summons has been timely waived on request," a defendant shall serve an answer "within **60 days** after the date when the request for waiver was sent. . . ." Fed. R. Civ. P. 12(a)(1)(B) (emphasis added). In addition, "[t]he United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint . . . within **60 days** after the United States attorney is served with the pleading asserting the claim." Fed. R. Civ. P. 12(a)(3)(A) (emphasis added). Likewise, "[a]n officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint . . . within **60 days** after service on the officer or employee, or service on the United States attorney, whichever is later." Fed. R. Civ. P. 12(a)(3)(B) (emphasis added). Defendants are not in default. Accordingly,

IT IS ORDERED that Minor's "Request for Entry of Default & Default Judgment" (filed January 9, 2006) (doc. # 32) is DENIED.

DATED at Denver, Colorado, this 10th day of January, 2006.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge