IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01382-PSF-CBS

RONALD L. MINOR,

    Plaintiff,

v.

J.E. GUNJA, Warden;
OSCAR ACOSTA, Information Officer;
RIOS, Associate Warden;
L. SMITH, DHO; and
JOHN DOE, Unit BB Councelor [sic], in their Individual and Official Capacities,

    Defendants.

---

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Report and Recommendations of United States Magistrate Judge (Dkt. # 57), filed May 3, 2006. The Court's review of the Recommendations is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b). As no party has objected to the Recommendations, the Court has reviewed the Report and Recommendations to determine if it constitutes clear error. *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). After reviewing the underlying motions and the record, the Court concludes that the Recommendations represent a correct application of the facts and the law and are not clearly erroneous.

The Court specifically finds and agrees with the Magistrate Judge that: 1) plaintiff's claims against defendants in their official capacity are claims against the government entity, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985), which has not waived its sovereign immunity, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994), and, therefore, the official capacity claims should be dismissed for lack of subject matter jurisdiction pursuant to F.R.Civ.P. 12(b)(1); 2) regardless of whether the Court accepts plaintiff's Kentucky filing or Colorado filing, *see* Pl.'s Resp. (Dkt. # 52) at 2, the claims against defendants in their individual capacities are time-barred by the applicable statute of limitations–Colorado's–C.R.S. § 13-80-102 and, therefore, the individual capacity claims should be dismissed; 3) plaintiff cannot assert subject matter jurisdiction pursuant to 28 U.S.C. § 1343 for § 1983 claims against federal officials, *see Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987); and 4) plaintiff's failure to establish subject matter jurisdiction or a viable claim requires the Court to dismiss the claims.  *See* F.R.Civ.P. 12(h)(3).

The Magistrate Judge also provided recommendations on the defendants' motions to dismiss for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted.  *See* Mag. Rec. (Dkt. # 57) at 9, 18. However, because the Court has determined that it lacks subject matter jurisdiction to adjudicate certain claims with the others time-barred, the Court need not reach the issues of administrative exhaustion of the sufficiency of the claims.  Accordingly, it is

ORDERED as follows:

1. The Court accepts and adopts the Recommendation of the United States Magistrate Judge (Dkt. #57) with respect to the motions to dismiss for lack of subject matter jurisdiction and on statute of limitations grounds; and

2. The Court GRANTS Defendants' Motion to Dismiss (Dkt. # 42), filed January 30, 2006, and this lawsuit is DISMISSED WITH PREJUDICE in its entirety.

DATED: June 27, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge